| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
|---|---|
| COUNTY OF WILLIAMS | NORTHWEST JUDICIAL DISTRICT |

Tioga Townhomes LLC,

                Plaintiffs,

v.

Auto Owners Insurance Company,

                Defendants.

Civil No.

SUMMONS

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS

You are hereby summoned and required to serve upon Plaintiffs' attorney an answer to the Complaint, which is herewith served upon you, within twenty (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this 11th day of August, 2014

Ronald J. Knoll (ND ID 05045)
Ann E. Miller (ND ID 06706)
Anderson, Bottrell, Sanden & Thompson
4132 30th Avenue SW, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
rknoll@andersonbottrell.com
amiller@andersonbottrell.com
(701) 235-3300
Attorneys for Plaintiffs

tnt f:\7527\9\p\summons

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF WILLIAMS | NORTHWEST JUDICIAL DISTRICT |
| Tioga Townhomes LLC, | Civil No. |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR |
| Auto Owners Insurance Company, | JURY TRIAL |
| Defendant. | |

[¶1]   Plaintiff, for its Complaint and Demand for Jury Trial ("Complaint") against Defendant, states and alleges as follows:

[¶2]   Plaintiff is a limited liability company involved in the business of real estate development and property rentals, and at all times relevant hereto has been registered with the North Dakota Secretary of State as a foreign company authorized to do business in the State of North Dakota.

[¶3]   Defendant is a foreign mutual insurance company with its principal office located in Lansing, Michigan, and is authorized and registered to provide property and casualty insurance in North Dakota.

[¶4]   Plaintiff, at all times relevant hereto and at the time of filing this Complaint, had constructed and is still constructing six (6) multi-unit townhomes, collectively known as Tioga Townhomes (the "Townhomes"), that are located in the town of Tioga, North Dakota.

[¶5]   At all times relevant hereto, Plaintiff obtained a Businessowners Insurance Policy from Defendant, which provided for insurance coverage to Plaintiff for the Townhomes, thereby protecting against property damage, business income loss, extra

expenses and various other insurance protections for Plaintiff relating to the Townhomes (the "Insurance"). The Insurance was identified by Defendant as Policy Number 48-577-496-02 and Company Use number 77-57-ND-1310 (the "Policy").

[¶6] Construction of the Townhomes has progressed in stages, allowing certain units of the Townhomes to be occupied by tenants while additional units are being completed.

[¶7] On or about early April of 2014, an individual named Gerald Winge ("Winge") poured and forcibly circulated diesel fuel and/or other chemicals into and through the water pipes/system at the Townhomes (the "Occurrence"). Winge was not employed by Plaintiff, was not an agent of Plaintiff, was not licensed to do plumbing, and was not otherwise controlled by Plaintiff.

[¶8] At the instruction and requirements of the North Dakota Department of Health ("NDDH"), the water of all of the Townhomes was isolated from the Tioga town water, in effect turning off all fresh water to the Townhomes until the condition and safety of the water could be ascertained. This caused the finished Townhome units to be uninhabitable and caused delays in construction of the unfinished Townhome units.

[¶9] Plaintiff had no knowledge or information to reasonably believe that Winge would put diesel fuel and/or other chemicals in the Townhome water lines.

[¶10] The actions taken by Winge caused significant and widespread damage and losses to the Townhomes and the Plaintiff, including property damage, business income losses, as well as causing Plaintiff to incur significant expenses incurred in order to mitigate losses and to provide alternate housing for the tenants of the Townhomes

due to their inability to use the Townhomes' water (hereinafter collectively the "Claim Losses").

[¶11]  The Policy of Insurance provided coverage for any direct physical loss of or damage to "covered property" caused by or resulting from any "covered cause of loss". "Covered property" included all of the Townhomes (which were specifically listed in the declarations, whether completed or under construction), indoor fixtures, machinery, equipment, outdoor fixtures, and alterations and repairs. "Covered causes of loss" included all direct physical loss except those otherwise expressly and unambiguously excluded or limited pursuant to the Policy.

[¶12]  Plaintiff's Claim Losses are of within the scope "covered property" and "covered causes of loss" under the Policy of Insurance with Defendant.

[¶13]  Despite Plaintiff's prompt reporting of the Occurrence caused by Winge and reporting of the resulting Claim Losses, Defendant has repeatedly denied coverage for Plaintiff's Claim Losses, basing its denial on the Businessowners Special Property Coverage Form and a Pollution Exclusion Endorsement that Defendant asserts is applicable. According to Defendant, the Policy does not pay for loss or damage caused by "Pollution", which is listed as a general exclusion under the Policy of Insurance. "Pollutants" is very broadly, and ambiguously, defined under the Policy as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

[¶14]  When denying coverage, Defendant failed to take into account or ignored that the loss was primarily the result of a third party's wrongful actions, i.e., Winge's

3

dumping and circulating foreign materials (diesel fuel and/or other chemicals) into and through the water system at the Townhomes. As the wrongful actions of a third-party was the primary cause of the Occurrence, Defendant is contractually obligated to provide insurance coverage protection and benefits for the Claim Losses under the Policy of Insurance even if the diesel fuel and/or other chemicals put in the water syste of the Townhomes by Winge could arguably fit within the broad and ambiguous definition of a "pollutant".

[¶15] Further, the Policy of Insurance contains an exception within the "Pollution" exclusion that expressly provides and grants coverage for any "specified causes of loss", including acts of "vandalism". The term "vandalism" is not defined in the Policy. The Occurrence that resulted in Plaintiff's Claim Losses is an act of "vandalism" under the Insurance.

[¶16] Plaintiff has provided Defendant with significant evidence that supports Insurance coverage for its Claim Loss. Despite the evidence and clear information to reflecting coverage under the Insurance, and despite the significant harm Defendant's wrongful denial of coverage has caused to Plaintiff, Defendant continues to refuse to provide insurance coverage benefits for any of Plaintiff's Claim Losses.

## COUNT ONE – DECLARATORY JUDGMENT

[¶17] The above paragraphs are incorporated as if fully stated herein.

[¶18] There is an actual, justiciable controversy between the parties regarding coverage for Plaintiff's loss under the Policy of Insurance.

[¶19] Chapter 32-23 of the North Dakota Century Code gives this Court the power to declare the rights and liabilities of the parties hereto and to give such further and other relief as may be necessary.

[¶20] Plaintiff is entitled to a declaration that the Policy of Insurance provides coverage for the Claim Losses resulting from the Occurrence and actions of Winge, as more specifically described herein.

## COUNT TWO – BAD FAITH

[¶21] The above paragraphs are incorporated as if fully stated herein.

[¶22] Defendant has a duty to act fairly and in good faith in dealing with its insured, the Plaintiff, including a duty of fair dealing in paying claims, negotiating settlements, and fulfilling all other contractual obligations with Plaintiff under the Policy of Insurance.

[¶23] Defendant breached its duty to act fairly and in good faith in dealing with Plaintiff's loss by improperly and unreasonably refusing payment to Plaintiff for its Claim Losses, despite the significant hardship the denial of coverage has caused to Plaintiff.

[¶24] Plaintiff has suffered, and will continue to suffer, significant damages as a direct result of Defendant's bad faith.

## PRAYER FOR RELIEF

[¶25] The above paragraphs are incorporated as if fully stated herein.

[¶26] WHEREFORE, Plaintiff requests this Court enter Judgment in favor of Plaintiff and against Defendant as follows:

[¶27] Declaring the Policy of Insurance provides coverage for Plaintiff's loss and that insurance coverage benefits must be paid by Defendant in Plaintiff's favor in an

amount to be proven by Plaintiff at trial, which amount is significantly in excess of $50,000.00;

[¶28] For all costs and attorney's fees incurred by Plaintiff to obtain the coverage benefits Defendant should have paid, pursuant to the authority of <u>State Farm and Casualty Company v. Sigman</u>, 508 N.W.2d (N.D. 1993) and related statuses and precedent;

[¶29] For costs as provided by N.D.C.C. § 32-23-10;

[¶30] For all actual damages, including attorneys fees, proximately caused by Defendant's bad faith;

[¶31] For such other and further relief as the Court deems just and equitable.

[¶32] Plaintiff also asserts its right to seek approval from the Court to amend its Complaint to pursue a claim against Defendant for exemplary damages;

A JURY TRIAL IS HEREBY REQUESTED FOR ALL QUESTIONS OR ISSUES OF FACT

Dated this 11th day of August, 2014.

Ronald J. Knoll (ND ID 05045)
Ann E. Miller (ND ID 06706)
Anderson, Bottrell, Sanden & Thompson
4132 30th Avenue SW, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
rknoll@andersonbottrell.com
amiller@andersonbottrell.com
(701) 235-3300
Attorneys for Plaintiff

tnt f:\7527\9\p\complaint and jury demand